UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SASHA ESTEP o/b/o C.W.,            Case No: 1:16-cv-00925

    Plaintiff,

                                                              Dlott, J.

v.                                                 Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b). (Doc. 24), and the Commissioner's response (Doc. 26).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

Courts therefore have an "affirmative obligation... to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc.*

*Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). When a party is awarded attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, the attorney must refund the claimant the EAJA fee if it is less than the 406(b) award. *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 839-40 (S.D. Ohio 2018).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746.

Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an

above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

Id. "[A] hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).  Recently, in *Ringel*, this Court set forth the several "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test; (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors.

As noted by Plaintiff, this case as a long history.  Plaintiff's counsel began representing Plaintiff in this case on April 12, 2013, after the initial denial by the state agency.  An appeal was filed with the Appeals Council on July 20, 2016. That was subsequently denied. Counsel then sought judicial review in this Court. The case was then remanded for additional administrative proceedings. A hearing was held, and a subsequent denial issued on January 25, 2019. After filing a request for review, the Appeals Council remanded the case on March 2, 2020 for another hearing. After a third hearing, the case was again denied and another appeal filed with the Appeals Council.

3

The case was again remanded from the Appeals Council for another hearing, at which, Plaintiff was found disabled commencing November 29, 2012. Thereafter, Plaintiff was ultimately awarded $109,469.10 in past due benefits beginning in December 2012. (See Doc. 24-1, Notice of Award, dated September 11, 2024).

As such, Plaintiff's counsel is seeking an award of $17,192.28 in attorney's fees pursuant to 42 U.S.C. §406(b). (Docs. 24). Plaintiff has submitted a copy of the contingency fee agreements she entered into with counsel and under which she agreed to pay a contingency fee of 25% of past-due benefits. (Doc. 24-2); an itemized billing sheet showing that Henry D. Acciani, Esq. performed a total of 17.5 hours of work on his case in this Court between September 2016 and October 2017. (Doc. 24); and her Notice of Award from the Social Security Administration. (Doc. 24-1). Plaintiff's counsel deducted the amount expected for the administrative level, $7,200, and the Equal Access to Justice Act (EAJA) fees already received, $2,975, from the 25% of the pass due benefits to determine the fee requested. (Doc 24).

The Commissioner asserts that Plaintiff's counsel request is a netted 406(b) award, and that full 406(b) amount being requested is $20,167.28. The Commissioner neither supports nor opposes counsel's requested amount for attorney fees, but requests that the Order distinguish between the full amount determined reasonable under section 406(b) and the net amount awarded for payment purposes.

It is true that the EAJA's Savings Clause bars duplicative awards, and that an attorney who recovers a second, larger fee under 42 U.S.C. §406(b) must refund the duplicate EAJA fee to the claimant. However, the effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the total fee sought is incorrect, as the EAJA fee is a wash. Based on the

4

foregoing, Plaintiff's counsel request of $20,167.28, is the full amount to be determined reasonable under section 406(b).

Here, 25% of Plaintiff's ultimate award is $27,367.28. As such, the fee of $20,167.28 that Plaintiff requests falls within the 25% boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In this regard, dividing the $20,167.28 requested by counsel by the 17.5 hours counsel worked on the cases before this Court yields a hypothetical hourly fee of $1,152.42. As such, the requested $20,167.28 fee may arguably be viewed as a windfall given the 17.5 hours spent by counsel before the Court in this case. Notably, Plaintiff's counsel has cited to one case awarding fees with implied hourly rates exceeding $1,152.42 per hour. See *Claypool v. Commissioner*, 294 F. Supp. 2d 829 (S.D. W. Va. 2003).

In light of the foregoing, the undersigned finds that counsels request should be granted. The contingency fee agreement entitles Plaintiff's counsel to 25 percent of past due benefits, his requested fee of $20,167.28 reflects an effective contingency fee of 18 percent, less than the agreed to 25 percent. Plaintiff's counsel is aware that any award of fees under § 406(b) must be offset by the previous award of EAJA fees, and has taken that initiative himself. The Plaintiff's counsel began his representation for this case in April of 2013, and achieved a result in favor of his client in September of 2024. With this case lasting over a decade, the undersigned finds that a reasonable fee be awarded in the amount of $20,167.28. This sum reflects an effective hourly rate of $1,152.42 for 17.5 hours of work which the undersigned finds adequately compensates him for the contingent nature of his contracted fee for work performed in this Court.

As Judge Walter H. Rice observed in L*ee v. Comm'r, Soc. Sec. Admin.*, No. 3:14-CV-291, 2018 WL 2999909, at *1 (S.D. Ohio June 15, 2018) "almost all attorneys who

5

handle social security appeals take these cases solely on a contingency fee basis," and thus "have no documented 'standard' hourly rate." Id. at *2. Furthermore, given "the fluctuating, risk-driven nature of contingency fees," id. at *3 (quoting *Pierce v. Colvin*, No. 3:10-cv-349, 2016 WL 1294554, at *3 (S.D. Ohio Apr. 4, 2016)), such fees "generally overcompensate in some cases and under compensate in others. It is the nature of the beast." Id. (quoting *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)).

Given the substantial risk undertaken by attorneys in accepting social security representation on a contingent fee basis, the undersigned finds that an award of $20,167.28 in this case is reasonable.

Accordingly, **IT IS RECOMMENDED THAT**:

1. The Motion for Attorney Fees filed by Plaintiff's counsel (Doc. 24) is **GRANTED, as outlined above;**

2. Plaintiff's counsel should be paid a total of $20,167.28 for the 17.5 hours of work performed in this Court, subject to an offset of the EAJA fee previously paid to him for the same work. Therefore, Mr. Acciani should be awarded an additional fee under 42 U.S.C. §406(b) of **$17,192.28**, reflecting the total award of $20,167.28 less the offset of $2,975.00.

3. The remaining funds that the Commissioner has withheld from Plaintiff's past-due benefits in anticipation of a § 406(b) award should be released to Plaintiff; and

5. The case should remain terminated on the docket of this Court.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SASHA ESTEP o/b/o C.W., | Case No: 1:16-cv-925 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).